# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John J. Tharp Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 13 C 03159 | **DATE** | 05/16/2013 |
| **CASE TITLE** | Barnes vs. Solo Cup Co. | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in the Statement section of this Order, the plaintiff's complaint [1] is dismissed without prejudice, his motion to proceed *in forma pauperis* [4] is denied, and motion for appointment of counsel is denied [5]. The plaintiff is granted 30 days to file an amended complaint consistent with this Order and contingent on the prepayment of the civil filing fee of $400.

■[ For further details see text below.]  Docketing to mail notices.

## STATEMENT

### I. Background

Bernard Barnes filed this action for discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.,* and 42 U.S.C. § 1981, against Solo Cup Company ("Solo"), where he is currently employed. Barnes alleges that Solo discriminated against him based on his race (he is African American) by failing to promote him. According to the complaint and a Charge of Discrimination filed with Illinois Department of Human Rights ("IDHR") and Equal Employment Opportunity Commission ("EEOC"), Barnes was hired by Solo on or about March 19, 2012. Compl., Dkt. 1 at 7. Barnes currently holds the position of "Packer," but contends that on or about May 1, 2012, he was offered a promotion to the position of "Blanker Operator." *Id.* However, according to Barnes, instead of receiving that promotion, his supervisor hired a temporary worker to operate the "blanker machine." *See id.* at 9. When that temporary worker was fired, his supervisor then hired a non-African American male to operate the machine. *Id.* And when that worker was fired, a female employee was hired as a replacement. *Id.* Barnes also alleges, however, that at some point he did work on the blanker machine for approximately six months, but was never paid the appropriate wages for performing those duties. *Id.* The EEOC issued a "Right to Sue" letter on March 12, 2013. *See id.* at 8.

Pending before the Court are Barnes's complaint, motion to proceed *in forma pauperis,* and motion for appointment of counsel. For the reasons set forth below, the complaint is dismissed without prejudice, the motion to proceed *in forma pauperis* is denied, and the motion for appoint of counsel is denied.

## II. Analysis

Pursuant to 28 U.S.C. § 1915(a), this Court "may authorize the commencement…of any [civil] suit…without prepayment of fees…by a person who submits an affidavit that includes a statement of all assets…that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). "A litigant wishing to proceed *in forma pauperis* must show that he is unable to pay [the] required filing fees," *see Merritte v. Templeton,* 493 Fed. Appx. 782, 784 (7th Cir. 2012) (citing 28 U.S.C. § 1915(a)(1); *Lister v. Dep't of Treasury,* 408 F.3d 1309, 1312 (10th Cir. 2005)), and this Court "has wide discretion to decide whether a litigant is impoverished." *Id.* (citing *Martinez v. Kristi Kleaners, Inc.,* 364 F.3d 1305, 1306 (11th Cir. 2004)). Barnes's *in forma pauperis* application indicates that he is employed full-time, earning $9.25 per hour. Mot., Dkt. 4 at 1. Further, Barnes indicates that he has earned more than $200 in the past twelve months, in addition to his full-time employment income, through various "odd jobs." *Id.* at 1-2, ¶ 4(g) (stating income of $300). Based on these facts, Barnes has not shown his inability to pay the civil filing fee.

Furthermore, under 28 U.S.C. § 1915(e)(2), which governs complaints filed in the context of an application to proceed *in forma pauperis,* such as the plaintiff's, this "court shall dismiss [a] case at any time if the court determines that…the action…fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). To that end, the Court reviews the complaint under the same standard as that for a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Vann v. Catholic Bishop of Chi.,* No. 13 C 01058, 2013 WL 1222060, at *1 (N.D. Ill. Mar. 25, 2013) (citing *Allen v. JP Morgan Chase,* No. 10 C 02137, 2010 WL 1325321, at *1 (N.D. Ill. Mar. 30, 2010) (citing *Zimmerman v. Tribble,* 226 F.3d 568, 571 (7th Cir. 2000))). The Court will treat all well-pleaded allegations as true and draw all reasonable inferences in the plaintiff's favor. *See Mann v. Vogel,* 707 F.3d 872, 877 (7th Cir. 2013). While the plaintiff need not plead detailed factual allegations, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 666 (7th Cir. 2013) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). That is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Council 31 of the Am. Fed'n of State, Cnty. and Mun. Emps., AFL-CIO v. Quinn,* 680 F.3d 875, 884 (7th Cir. 2012) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570)).

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence…as is enjoyed by white citizens." 42 U.S.C. § 1981(a). While § 1981 does not use the term "race," it has been construed to "forbid all 'racial' discrimination in the making of private as well as public contracts," *Saint Francis Coll. v. Al-Khazraji,* 481 U.S. 604, 609 (1987) (citing *Runyon v. McCrary,* 427 U.S. 160 (1976)), and is violated by intentional discrimination. *See Gen. Contractors Ass'n v. Pennsylvania,* 458 U.S. 375 (1982). Therefore, to state a claim under § 1981, a plaintiff must allege that "(1) he is a member of a racial minority; (2) the defendant had the intent to discriminate on the basis of race; and (3) the discrimination concerned the making or enforcing of a contract." *Pourghoraishi v. Flying J., Inc.,* 449 F.3d 751, 756 (7th Cir. 2006) (citing *Morris v. Office Max, Inc.,* 89 F.3d 411, 413 (7th Cir. 1996)).

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any

individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). A plaintiff may proceed on a failure-to-promote claim under either the direct method of proof or the indirect burden-shifting method articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792 (1973). *See Fischer v. Avanade, Inc.,* 519 F.3d 393, 401 (2008). The direct method of proof requires "direct or circumstantial evidence that creates a convincing mosaic of discrimination on the basis of race," *Good v. Univ. of Chi. Med. Ctr.,* 673 F.3d 670, 674 (7th Cir. 2012) (citing *Winsley v. Cook Cnty.,* 563 F.3d 598, 604 (7th Cir. 2009)), that "motivated an adverse employment action." *Coleman v. Donahoe,* 667 F.3d 835, 845 (7th Cir. 2012). Under the indirect method, a plaintiff asserting a failure-to-promote claim must show that he "(1) was a member of a protected class; (2) that he was qualified for the position; (3) that he was rejected for the position; and (4) that the position was given to a person outside the protected class who was similarly situated or less qualified than he was." *Stockwell v. City of Harvey,* 597 F.3d 895, 901 (7th Cir. 2010) (citing *Jackson v. City of Chi.,* 552 F.3d 619, 622 (7th Cir. 2009)). And "[a]lthough [§] 1981 and Title VII differ in the types of discrimination they proscribe, the methods of proof and elements of the case are essentially identical." *McGowan v. Deere & Co.,* 581 F.3d 575, 579 (7th Cir. 2009) (citing *Johnson v. City of Fort Wayne, Ind.,* 91 F.3d 922, 940 (7th Cir. 1996)).

In this case, Barnes has not alleged sufficient facts to state a claim that is plausible and that would permit a reasonable inference of racial discrimination by the defendant under either statute. In general, Barnes alleges that he was placed on the blanker machine for a period of six months, but was not paid the appropriate wages for that work. Further, he claims that his supervisor told him he would be assigned to the blanker machine, but then hired three workers, one after the other, to work that machine. But there is nothing in Barnes's allegations that supports an inference, or even suggestion, that any employment decision made by his supervisor was based on racial animus. Barnes alleges no facts, direct or circumstantial, that indicates that his supervisor was prejudiced against African Americans, or that the supervisor based his personnel decisions on race. Moreover, despite Barnes's claim that he was not appropriately paid for his work on the blanker machine, there is no indication that any other employee assigned to the blanker machine, whether or not in the plaintiff's protected group, received higher wages than Barnes had during his six months of performing those duties.

To be sure, Barnes claims that one of the workers hired to work the blanker machine was a non-African American male. Compl., Dkt. 1 at 9. But Barnes fails to allege facts that show he was similarly situated to, or more qualified than, that non-African American employee. Barnes's sole allegation that an employee outside of his protected group was hired to work the blanker machine falls well short of meeting the requirements of a *prima facie* case or raising a reasonable inference of race discrimination by Barnes's supervisor, particularly given the fact that at some point Barnes was placed on the blanker machine by his supervisor for six months. Without more, there could be any number of reasons to explain the employment decisions made by Barnes's supervisor—all equally speculative. In fact, according to the plaintiff's own pleadings, one possible reason Barnes has not secured a permanent position on the blanker machine, as explained to him by his supervisor, is "favoritism." *See id.* at 10. But favoritism in the workplace does not violate the federal law's prohibition on intentional race discrimination. *See, e.g., EEOC v. Concentra Health Servs., Inc.,* No. 05 C 01109, 2006 WL 2024240, at *4 (N.D. Ill. July 12, 2006) ("favoritism…does not violate Title VII"). Accordingly, Barnes's

complaint fails to state a claim under Rule 12(b)(6), and is therefore dismissed without prejudice. *See* Fed. R. Civ. P. 12(b)(6); 28 U.S.C. § 1915(e)(2)(ii).

The Court grants the plaintiff 30 days to file amended pleadings consistent with this Order and contingent on the prepayment of the civil filing fee of $400 (effective May 1, 2013). If the plaintiff intends to file an amended complaint, the Court strongly recommends that he schedule an appointment with the *Pro Se* Assistance Program prior to filing amended pleadings or paying the $400 filing fee. The *Pro Se* Assistance Program operates by appointment and in-person only. Appointments may be scheduled at the Clerk's Intake Desk or by calling (312) 435-5691.

As a final matter, Barnes's motion for appointment of counsel is denied. There is no right to counsel in a civil proceeding, the plaintiff is not impecunious, and the deficiencies in the plaintiff's complaint are primarily factual, not legal, in nature.

| | Courtroom Deputy Initials: | AIR |
|---|---|---|